## TORRES ET AL. v. PÉREZ.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 842.—Resuelto en junio 24, 1912.

DESAHUCIO—NATURALEZA DEL PROCEDIMIENTO DE DESAHUCIO—CUESTIONES DE PROPIEDAD.—El juicio de desahucio es un procedimiento especial cuyo único fin es recuperar la posesión de algún inmueble, lanzando de él a quien lo detente sin título ninguno para ello, y en dicho juicio no puede resolverse cuestión alguna sobre el derecho de propiedad, y cuando la contestación alega algún título para la posesión, si esa alegación no está desnuda de toda prueba, no debe decretarse el desahucio, sino que las partes deben discutir en juicio ordinario cuál tiene el título legal a la finca, antes de que pueda prosperar la acción de desahucio.

ID.—ENMIENDA DE LAS ALEGACIONES—JURAMENTO DE LA CONTESTACIÓN—DISCRECIÓN DEL TRIBUNAL.—El conceder permiso a un demandado para que jure la contestación que había presentado sin jurar, y que era necesario que estuviera jurada por estar la demanda jurada, descansa en la facultad discrecional del tribunal, y esta corte no revisará la concesión de tal permiso a menos que se demuestre que el tribunal inferior abusó de su poder discrecional.

ID.—DEMANDA JURADA—NEGACIÓN GENERAL.—La objeción de que una contestación a una demanda jurada es defectuosa por contener una negación general y no específica de las alegaciones de la demanda, no puede ser alegada por primera vez en apelación, sino que debe alegarse ante el tribunal inferior.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José Ramón Freyre.*

Abogado del apelado: *Sr. José Sabater.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

María Anicasia Torres Collado y su hermana María Clemencia de iguales apellidos, presentaron una demanda de desahucio en la Corte de Distrito de Mayagüez contra Domitila Pérez Vilanova, en la que, después de alegar que eran las herederas únicas abintestato de Pedro Collado Ramírez, según declaratoria judicial, que en tal concepto eran dueñas de una finca de cinco cuerdas inscrita a su nombre en el registro de la propiedad, la que describieron, y que alegan estar poseída en precario por Domitila Pérez Vilanova, sin pagar canon o merced alguno y sin título para ello, concluyeron con la súplica de que se ordenara el lanzamiento de dicha demandada.

La contestación de ésta negó los hechos de la demanda, y como defensa especial expuso que tal finca la había comprado a Pedro Collado Ramírez poco antes de su muerte, pagándole el precio de ella, parte de contado y satisfaciendo con el resto y por su orden, deudas del vendedor; que por desconocer quienes eran las herederas de Collado Ramírez no las ha demandado para que le otorgasen la escritura de venta; que desde 1904 viene pagando como dueña las contribuciones impuestas a la finca; que la ha cultivado y ha hecho reparaciones en una casa que en ella existe, y que como tal dueña ha vendido una cuerda de terreno a Pedro Olivo, por todo lo que concluyó pidiendo que se la absolviera de la demanda de desahucio.

Celebrado el juicio la corte de distrito por su sentencia de 24 de febrero, 1912, declaró sin lugar la demanda de desahucio sin especial condenación de costas, fundada, según la opinión escrita que emitió, en que el juicio de desahucio no es el adecuado para resolver contienda sobre la propiedad objeto de él.

Establecido por las demandantes recurso de apelación contra esa sentencia para ante esta Corte Suprema, se presentó la transcripción de los autos y un alegato escrito en apoyo del recurso.

La principal cuestión a resolver en este caso es si por haber probado las demandantes que Pedro Collado Ramírez tenía inscrita a su nombre en el registro de la propiedad la finca objeto del desahucio, y además, que son sus únicas herederas abintestato, tienen derecho a que se decrete el lanzamiento que interesan de la demandada, a pesar de que ésta ha alegado que posee tal finca por haberla comprado a Pedro Collado Ramírez, poco antes de morir éste, aunque sin llegar a obtener documento escrito de la venta, pero habiendo presentado evidencia de testigos tendente a demostrar tal contrato.

El juicio de desahucio es un procedimiento especial cuyo único fin es recuperar la posesión de algún inmueble, lan-

zando de él a quien lo dentente sin título alguno para ello. Este juicio no sirve por tanto para resolver sobre el derecho de propiedad, y por eso cuando el demandado alega algún título para la posesión, si esa alegación no está desnuda de toda prueba no debe decretarse el desahucio y deberán las partes discutir en juicio ordinario cuál tiene el título legal a la finca, antes de que pueda prosperar tal clase de acción.

Esta doctrina ha sido reconocida en muchas sentencias, tanto del Tribunal Supremo de España como del de Puerto Rico, y entre ellas las siguientes:

16 de junio de 1883, 21 de abril de 1884, 20 de junio de 1885, 30 de junio de 1887, 5 de diciembre de 1896, 12 de enero de 1900, del Tribunal Supremo de España.

Y del de Puerto Rico, las siguientes:

*Landrón* v. *Saldaña,* 8 D. P. R., 438; *Del Valle* v. *Andreu,* 11 D. P. R., 415; *Mehrhof* v. *Rodríguez,* 14 D. P. R., 67; *Elzaburu* v. *Chaves,* 15 D. P. R., 17; *Pesquera* v. *Fernández,* 16 D. P. R., 235.

En este caso la demandada, a la alegación de que poseía en precario, contestó expresando que era dueña por título de compra y que como tal vendió a Pedro Olivo una parte de la finca, hecho éste reconocido por las demandantes; y como presentó alguna evidencia para probar su adquisición, esto suscita la cuestión de si ella efectivamente es dueña o nó por título de compra, cuya controversia no puede resolverse en un juicio de desahucio, por no ser el apropiado para resolver cuestiones sobre propiedad.

Los apelantes sostienen además, que la corte erró al conceder permiso a la demandada para que jurara la contestación que había presentado sin ese requisito, y que era necesario por estar jurada la demanda. La concesión de tal permiso es discrecional en la corte y como no se nos ha demostrado que abusara de ese poder discrecional, no podemos revisar la acción asumida por la corte. (*Palace Hardware Co.* v. *Smith,* 134 Cal., 381; *Nicoll* v. *Weldon,* 130 Cal., 666; *Melde* v. *Reynolds,* 129 Cal., 308 y otros.)

También se sostiene que a pesar del juramento de la contestación, ésta era defectuosa porque contenía una negación general y nó específica de las alegaciones de la demanda. Es cierto que la contestación jurada está redactada en esa forma, pero por este motivo no hicieron las demandantes objeción alguna en la corte inferior, para que ésta si lo creía justo pudiera permitir enmendar dicha contestación, por cuyo motivo es tarde ahora para promover esa cuestión por primera vez en apelación.

Aun cuando las apelantes se quejan también de que la corte inferior permitió indebidamente que un testigo declarase sobre ciertos particulares, sin embargo, no es necesario que tratemos este punto, en vista de que como no hemos de determinar ahora si la demandada tiene o nó un título legal a la finca objeto del desahucio, no tomaremos en consideración tales contestaciones.

En atención a estas consideraciones la sentencia apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.