GANDÍA, DEMANDANTE Y APELADO, *v.* CABÁN, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa sobre desahucio.

No. 1277.—Resuelto en julio 20, 1915.

DESAHUCIO—CUESTIONES DE PROPIEDAD—CONFLICTO DE TÍTULOS—PLEITO ORDINARIO.—Cuando se trata de una verdadera cuestión de propiedad, de un conflicto de títulos, no es propio decidirlos dentro de los sumarios trámites de un juicio de desahucio, sino que deben ventilarse con las amplias oportunidades de un pleito ordinario.

ID.—DESAHUCIO EN PRECARIO—CONTESTACIÓN A LA DEMANDA—POSESIÓN EN CONCEPTO DE DUEÑO.—Cuando en una acción de desahucio por precario el demandado contesta alegando que no posee en tal concepto sino en el de dueño, y presenta alguna evidencia que aparentemente demuestra que su posesión no es precaria, no debe declararse con lugar la demanda de desahucio.

Los hechos están expresados en la opinión.

Abogado de la apelante: Sr. *Enrique Márquez Huertas.*

Abogado del apelado: *Sr. A. Suliveres.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un pleito sobre desahucio. En la demanda se alega, en resumen, que el demandante, vecino y comerciante de Arecibo, es dueño de una casa situada en San Sebastián. que desde hace algún tiempo viene poseyendo y disfrutando la demandada sin pagar canon ni merced alguna, y que en repetidas ocasiones ha requerido para que desaloje la casa a la dicha demandada habiéndose ésta negado a ello.

La demandada, en su contestación, aceptó el hecho relativo a las circunstancias personales del demandante y negó los otros, alegando además, como defensas especiales, en resumen, las siguientes:

Que la casa a que se refiere la demanda es y ha sido siempre de la propiedad exclusiva de la demandada y de su madre doña Zoila Cabán viuda de Cabán; que dicha casa se construyó con bienes de la exclusiva pertenencia de Juan Tomás Cabán, padre de la demandada; que Cabán falleció cuando ya estaba construyéndose la casa y se terminó después de su muerte con dinero de la herencia; que durante la construcción, el esposo de la demandada Sr. Santiago intervino simplemente como esposo y representante de la demandada; que el demandante nunca ha entrado en posesión de la casa; que el marido de la demandada presentó en 1913 demanda de divorcio contra la demandada y se trasladó a Arecibo y para privar a la demandada de la casa en cuestión y adquirirla más tarde después del divorcio se hizo demandar por el demandante en este pleito, su amigo, por la suma de $2,200, embargándose la repetida casa; que la demandada, que residía en el distrito judicial de Aguadilla, no fué hecha parte en el pleito sobre cobro de pesos, ni tuvo noticia del mismo hasta una fecha próxima al remate de la casa embargada; que el día del remate la demandada hizo saber al demandante que la casa era de la exclusiva propiedad de la demandada y de su madre, y radicó una demanda de tercería, y que el deman-

dante instruyó una información acreditando a su favor la posesión de la casa como adquirida en remate contra Angel Santiago, y la inscribió en el registro de la propiedad.

Celebrada la vista, cada una de las partes presentó una amplia prueba en apoyo de sus respectivas pretensiones.

La del demandante tiende a demostrar que la propiedad de la casa en cuestión le fué adjudicada en pública subasta, en cierto pleito que en cobro de $2,200 siguiera contra Angel Santiago, esposo de la demandada. La adjudicación se hizo por la suma de cien pesos. La teoría que, al parecer, sustenta el demandante es la de que la casa pertenecía a la sociedad de gananciales formada por el dicho Santiago y su esposa, la demandada, siendo dicha sociedad responsable de la deuda contraída por el esposo. Dijimos al parecer, porque en la misma evidencia del demandante—declaración de Angel Santiago—hay datos tendentes a probar que la casa no pertenecía a la sociedad de gananciales mencionada, sino privativamente al esposo Angel Santiago, por haberla edificado éste con bienes de su peculio particular procedentes de la liquidación de cierta sociedad mercantil que tuvo constituída con el padre de la demandada.

La prueba de la demandada, por el contrario, tiende a demostrar que la repetida casa se construyó en un solar del Ayuntamiento de San Sebastián, con maderas pertenecientes a la herencia de su padre Juan Tomás Cabán y con el producto de la venta de ganado y otros bienes también pertenecientes a la herencia de su dicho padre; que cuando la casa fué rematada, no figuraba inscrita en el registro de la propiedad; que la demandada y su esposo Santiago estaban separados, encontrándose pendiente entre ellos un pleito de divorcio, y que bajo tales circunstancias fué que se siguió el pleito en cobro de pesos contra su esposo, dejándose éste condenar en rebeldía y habiendo declarado en el pleito de desahucio enteramente en favor del demandante.

Como puede verse por el resumen que, a grandes rasgos, dejamos hecho de las alegaciones y las pruebas, las cuestiones

envueltas en este caso no son propios para ser decididas dentro de los sumarios trámites de un juicio de desahucio, sino más bien dentro de las amplias oportunidades de un pleito ordinario. Se trata de una verdadera cuestión de propiedad, de un conflicto de títulos, y ya esta Corte Suprema, en repetidos casos, ha establecido que cuando en una acción de desahucio por precario el demandado contesta alegando que no posee en tal concepto, sino en el de dueño, y presente alguna evidencia que aparentemente demuestre que su posesión no es precaria, no debe declararse con lugar la demanda de desahucio. Véanse: *Miranda* v. *Cameron et al.,* 19 D. P. R., 488, y las decisiones citadas en el mismo.

En tal virtud debe revocarse la sentencia apelada y dictarse otra declarando sin lugar la demanda de desahucio, sin especial condenación de costas, reservando al demandante los derechos que puedan asistirle para que los ejercite en la forma que proceda.

> *Revocada la sentencia apelada y declarada sin lugar la demanda.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.