El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.

---

CASANOVAS Y COMPAÑÍA, SUCS., S. EN C., DEMANDANTE Y APELANTE, *v.* RAMÍREZ ET AL., DEMANDADOS Y APELADOS, E IRIZARRI ET AL., INTERVENTORES Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre desahucio.

No. 1641.—Resuelto en julio 20, 1917.

DESAHUCIO—INTERVENCIÓN—PRUEBA DEL CARÁCTER DE HEREDERO—DECLARATORIA DE HEREDEROS.—En un pleito de desahucio en que existe parte interventora que alega ser dueño de la finca de que se trata por haberla adquirido por herencia, es evidencia admisible para justificar el título de heredero de los interventores, certificaciones de nacimiento, matrimonio y defunción tendentes a dicho fin, sin que sea necesario presentar el auto de declaratoria de herederos para demostrar título a favor de los interventores.

ID. — CONFLICTO DE TÍTULOS — PLEITO ORDINARIO — DERECHOS DE PROPIEDAD. — Cuando se trata de una verdadera cuestión de propiedad, de un conflicto de títulos, alegando el demandante que la finca le pertenece por haberla adquirido en subasta pública en un procedimiento judicial, y sosteniendo la parte interventora que le corresponde por título hereditario, no es un juicio de desahucio, sino un pleito ordinario el procedimiento adecuado para discutir los derechos de propiedad de que las partes se crean asistidas.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José Sabater.*

Abogados de los apelados: *Sres. Horton & Arroyo.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un pleito sobre desahucio, procedente de la Corte de Distrito de Mayagüez. En la demanda alega la mercantil demandante Casanovas y Compañía, Sucrs., S. en C., con domicilio en la ciudad de Mayagüez, que es dueña de dos casas y cuatro ranchos de madera enclavados en un solar de la propiedad de Anais Cristy, radicado en dicha ciudad; que los demandados Sandalio Ramírez y otros están detentando

la posesión material de las casas y ranchos expresados sin título ni derecho para ello y sin pagar canon o merced alguna a la demandante; y que se niegan a desocuparlos a pesar de haber sido requeridos para ello.

Los demandados contestaron la demanda negando en general los hechos de la misma; y después de esa contestación Altagracia Irizarry y otros solicitaron y obtuvieron permiso de la corte para presentar como presentaron una demanda de intervención en la que alegan en sustancia que los interventores son dueños de las casas y ranchos de que se trata; que hubieron esos edificios por herencia de su anterior dueña María de Jesús Irizarry quien los fabricó hace más de veinte años; que María de Jesús Irizarry falleció en septiembre 2, 1907 en estado de soltería, dejando por únicos herederos a sus hermanas Altagracia e Isabel Irizarry y a cuatro sobrinos, hijos legítimos de Joaquina Irizarry, fallecida en 23 de noviembre de 1905; que Isabel Irizarry también falleció en 23 de diciembre de 1911, dejando por herederas a dos hijas legítimas; que la interventora Altagracia Irizarry por sí y como mandataria verbal de los demás interventores ha concertado con los demandados Sandalio Ramírez y otros un contrato de arrendamiento en virtud del cual éstos se encuentran en posesión de las casas y ranchos; y que la demandante jamás ha adquirido título alguno de dominio sobre las casas y ranchos ni ejercitado contra los interventores procedimiento alguno judicial o extrajudicial para privarlos del dominio y posesión legítima en que se encuentran.

La mercantil demandante al contestar la demanda de intervención negó los hechos que la fundamentan y alegó ser la verdadera dueña de las propiedades por haberlas adquirido en pública subasta ante el márshal de la Corte Municipal de de Mayagüez en juicio seguido contra Inocencia Rivera sobre cobro de dinero.

Celebrado el juicio la corte dictó sentencia en 8 de enero de 1917 por la que, bajo el fundamento de que se introdujo suficiente prueba tendente a demostrar que existe realmente

un verdadero conflicto de título entre los litigantes, decreta y ordena que se desestime como desestima la demanda del actor y ordena el sobreseimiento y archivo del caso, con los gastos, costas y desembolsos a cargo de la demandante.

Contra esa sentencia interpuso la representación de Casanovas & Compañía recurso de apelación para ante esta Corte Suprema, y alega como motivos para sostener su recurso los siguientes:

1°. Que la corte inferior erró al admitir como prueba para justificar el título hereditario de los interventores, partidas de nacimiento, matrimonio y defunción de los que aparecen interesados en la supuesta herencia, siendo como era necesario presentar un auto de declaratoria de herederos para que pudiera demostrarse título a favor de los interventores.

2°. Que la corte inferior erró al no declarar que la demandante en virtud de su título que presentó de venta en pública subasta, era la dueña de dichas casas hasta que su título no fuera anulado.

Ciertamente que con oposición de la parte demandante fueron admitidas como prueba a instancia de la parte interventora una certificación del registro civil para demostrar que María de Jesús Irizarry falleció en Mayagüez el 2 de septiembre de 1907 y otras certificaciones de nacimiento, de matrimonio y de defunción, todo con el fin de acreditar la calidad de herederos de María de Jesús Irizarry por parte de los interventores, tomándose excepción por la parte demandante.

Opinamos que dicha evidencia era admisible, y para sostener esta opinión nos referimos a las decisiones recaídas en los casos de *Morales* v. *Landrau,* 15 D. P. R. 782, 796, *Soriano* v. *Rexach,* 23 D. P. R. 573, 583, y *Fortis* v. *Fortis* (pág. 69).

En cuanto al segundo fundamento del recurso, la parte demandante presentó como prueba una escritura otorgada ante el notario licenciado José Sabater en 2 de noviembre de 1916, por la cual el márshal de la Corte Municipal de Maya-

güez vendió a la mercantil demandante los edificios objeto del pleito a virtud de remate que hiciera dicha demandante ante esa corte municipal en 30 de noviembre de 1915, en caso seguido por la demandante contra Inocencio Rivera, sobre cobro de dinero.

Los interventores presentaron prueba documental y testifical tendente a demostrar que ellos son los legítimos herederos de María de Jesús Irizarry; que ésta fabricó casas y ranchos allá por los años de 1890 a 1891 con recursos propios que estuvo en posesión de dichos edificios hasta que falleció en septiembre 2, 1907, pagando hasta entonces las contribuciones al Tesoro Insular y a Anais Cristy los arrendamientos de los solares en que radican; que al fallecimiento de la María de Jesús Irizarry siguió encargado de la administración de dichas casas un tal Inocencio Rivera que había hecho vida común con ella; y que actualmente está en posesión de los edificios la interventora Altagracia Irizarry.

Atendidos los méritos probatorios expuestos, no podemos llegar a la conclusión de que los interventores posean en precario, esto es, sin título ni derecho alguno, las casas y ranchos en cuestión. A la sociedad demandante solamente se le traspasó por la escritura de 2 de noviembre de 1916 todo título, derecho o interés que Inocencio Rivera tuviera en los bienes rematados, y dicha sociedad no ha aportado prueba alguna para demostrar que el Rivera fuera el verdadero dueño. Los demandados, por el contrario, han suministrado prueba tendente a justificar que están poseyendo por título hereditario que trae su origen de María de Jesús Irizarry. El título de la sociedad demandante trae su origen de Inocencia Rivera. Se trata de una verdadera cuestión de propiedad, de un conflicto de títulos que ha de resolverse, no dentro de los sumarios trámites de un juicio de desahucio, sino dentro de las amplias oportunidades de un pleito ordinario en que ambas partes puedan discutir los derechos de propiedad de que se creen asistidos, según jurisprudencia ya establecida por varias de-

cisiones de esta corte.　Véanse los casos de *Gonce* v. *Méndez,* 7 D. P. R. 545; *Pesquera* v. *Díaz,* 8 D. P. R. 113; *Landrón* v. *Saldaña,* 8 D. P. R. 438; *del Valle* v. *Andreu et al.,* 11 D. P. R. 415; *Mehrhoff* v. *Rodríguez et al.,* 14 D. P. R. 59; *Pesquera* v. *Fernández,* 16 D. P. R. 235; *Torres et al* v. *Pérez,* 18 D. P. R. 573; *Miranda* v. *Camerón et al.,* 19 D. P. R. 488; *Delgado* v. *Pimentel et al.,* 20 D. P. R. 556; *García* v. *Brignoni et al.,* 22 D. P. R. 356, y *Gandía* v. *Cabán,* 22 D. P. R. 833.

El caso de *León* v. *Alvarado,* 24 D. P. R. 700, que en su favor invoca la parte apelante, no favorece su pretensión por ser dicho caso distinto del presente, como lo revela el estudio comparado de ambos.　En el primer caso se trataba de adjudicación de una finca hecha a León en pleito contra Alvarado, siendo de éste dicha finca, mientras que en el caso actual fueron adjudicados los bienes a la sociedad demandante en juicio seguido contra Inocencio Rivera, sin que aparezca que éste sea dueño de ellos.

Es de confirmarse la sentencia apelada.

　　　　　　　　　*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.