NAZARIO, DEMANDANTE Y APELADO, v. ALMODÓVAR ET AL., DEMANDADOS Y APELANTES, Y ALMODÓVAR, INTERVENTORA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre desahucio.

No. 1789.—Resuelto en abril 29, 1918.

DESAHUCIO—CONFLICTO DE TÍTULOS.—Cuando en una acción de desahucio los demandados alegan ser dueños de los terrenos en cuya posesión se hallan, presentan títulos escritos, juran que los terrenos a que se refieren esos títulos son parte de la finca que en la demanda se describe, y la prueba presentada en este sentido no ha sido contradicha, queda levantada la cuestión de títulos.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Pascasio Fajardo Martínez.*

Abogado del apelado: *Sr. José Sabater.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En una acción de desahucio el demandante obtuvo a su favor una sentencia basada en las siguientes conclusiones (*findings*):

"I. Que el demandante es dueño de las fincas que se describen en el párrafo primero de la demanda enmendada, las que adquirió las marcadas con las letras (a) y (b) por adjudicación que se le hiciera en la partición de los bienes dejados al fallecimiento de Francisco Antonio Almodóvar y María del Carmen Serrano, en el expediente de administración judicial tramitado ante esta corte por Ramón de Jesús Almodóvar bajo el No. 5086 según resulta de la escritura de partición otorgada en el pueblo de Sabana Grande a 28 de enero de 1917 ante el Notario Ledo. Benito Forés y las fincas marcadas con las letras (c), (d), y (e) por compra a José Sabater por escritura otorgada en esta ciudad a 28 de marzo de 1917 ante el Notario Benjamin J. Horton.

"II. Que ante esta corte se tramitó el expediente No. 5086 sobre administración judicial de los bienes dejados por los fallecidos Francisco Antonio Almodóvar y María del Carmen Serrano, en el cual se inventariaron las fincas descritas en la demanda, se nombró contador-partidor a Calixto Carreras y se adjudicaron a los interesados dichos bienes cumpliéndose con todos los trámites de ley, de todo lo cual fueron notificados los demandados durante la tramitación del expediente por encontrarse ellos en posesión material de las fincas sin que hicieran nunca oposición ni comparecieran en el procedimiento en ninguna forma; que dicha partición de bienes fué aprobada por esta corte y de esa aprobación así como de que los demandados debían entregar la posesión de dichas fincas a los interesados, fueron notificados los demandados, guardando también silencio y no habiendo gestión alguna ante esta corte.

"III. Que los demandados Juan Melitón Almodóvar, Valentín Lugo, Juan Antonio Almodóvar, Ramón Antonio Almodóvar, Luis Vega Almodóvar, Melitón Almodóvar y Genario Nazario, quienes son todos familiares, se hallan detentando indistintamente la posesión material de las fincas del demandante sin pagar a éste canon ni merced alguna y sin título ni derecho para ello; pues si bien introdujeron como prueba en el acto del juicio ciertos títulos, no consiguieron demostrar que tales títulos se refirieran a las fincas que reclama el demandante, ni identificaron dichas fincas, no existiendo por esas razones confusión de títulos que autorizara la desestimación de la demanda por ese concepto, cuyos hechos esenciales fueron probados ''

Después de haber examinado cuidadosamente las alegaciones y la prueba nos vemos constreñidos a declarar que la corte de distrito erró en sus conclusiones al estimar no hallarse envuelta en este asunto ninguna cuestión de títulos.

La prueba de la defensa es algo vaga y poco satisfactoria, pero no lo es menos la aducida por el demandante. Los autos en su totalidad indican que una vez quizá los distintos trozos de terreno de que se trata en este pleito formaban parte de una finca de mayor cabida. Los demandados, o sus predecesores en interés están todos más o menos relacionados entre sí, de no estarlo con el anterior dueño del todo de la finca. Uno de ellos cuando menos alega haber

comprado directamente a Francisco Antonio Almodóvar. Las distintas parcelas que se describen en la demanda representan porciones adjudicadas en una administración judicial, de la que, según aparece de las conclusiones de la corte, anteriormente relacionadas, los demandados fueron notificados "por encontrarse en posesión material" del terreno dividido. Las distintas pequeñas parcelas de terreno, inscritas a nombre de los demandados, no están tan correctamente identificadas que, por ejemplo, les diera a sus dueños derecho a una sentencia como demandantes en un pleito para recobrar la propiedad de dichos terrenos (*ejectment suit.*) Sin embargo, de estar dichos trozos de terreno, como parece, realmente inclusos dentro de las colindancias de los terrenos que reclama el demandante, por lo menos la confusión es irremediable, y los demandados están en posesión de los mismos. El hecho de que los que ocupasen esos terrenos tuviesen noticia de que se hallaban pendientes procedimientos de administración judicial no destruye *ipso facto* cualquier título adquirido o perfeccionado por ellos con anterioridad a la fecha en que se incoaron los ameritados procedimientos. Ellos alegan ser dueños de los terrenos en cuya posesión se hallan, y presentan títulos inscritos. Juran que los terrenos a que se refieren estos títulos son parte de la finca que en la demanda se describe. La prueba en este sentido no es tan clara y convincente como desearse pudiera; pero no ha sido contradicha y tomada en conexión con todas las circunstancias que concurren en este caso, es suficiente para levantar la delicada cuestión de títulos.

La sentencia recurrida es de revocarse.

> *Revocada la sentencia apelada y declarada sin lugar la demanda.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.