Sucesión Colón, Demandante y Apelante, *v.* Colón et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre desahucio.

No. 1956.—Resuelto en febrero 24, 1919.

Desahucio—Conflicto de Títulos—Pleito Ordinario.—Las cuestiones de propiedad no son materia a decidir dentro de los sumarios trámites del juicio de desahucio, sino dentro de las amplias oportunidades de un pleito ordinario, pues no es el juicio de desahucio el adecuado para hacer declaraciones de derecho más o menos controvertibles, sino un procedimiento especial cuyo único fin es recuperar la posesión de algún inmueble lanzando de él a quien lo detenta sin título alguno para ello.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Carlos Brunet del Valle.*

Abogado de los apelados: *Sr. Eduardo Flores Colón.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

El presente es un pleito sobre desahucio procedente de la Corte de Distrito de Ponce.

La demanda se funda en que los demandantes son dueños por título hereditario de dos fincas rústicas, una de 27 cuerdas con 25 céntimos y la otra de 13 y media cuerdas, situadas ambas en el barrio de Bauta Abajo, de Barros, que su difunto padre José María Colón adquirió por escrituras públicas de compraventa otorgadas respectivamente en los años de 1879 y 1880, y había entregado en usufructo a sus padres,

legítimos Elías .Colón y Concepción Rodríguez para que las poseyeran y aprovecharan mientras vivieran, habiéndose posesionado de ellas a su fallecimiento los demandados sin derecho alguno.

Los demandados José Elías y Rodulfo Colón y Rodríguez, únicos que comparecieron a contestar la demanda, se opusieron a ella, y para sostener su oposición alegan que no poseen las expresadas fincas en precario, sino en concepto de dueños por título hereditario, como hijos legítimos de los consortes Elías Colón y Concepción Rodríguez, de quienes las habían adquirido en unión de sus demás hijos por título hereditario al fallecimiento de los mismos, pues aunque las escrituras de compraventa aparecen a nombre del causante de los demandantes José María Colón, la venta se hizo realmente al padre de éste, Elías Colón, quien comisionó a su referido hijo, causante de los demandantes, para recibir las escrituras, habiendo pagado las contribuciones de tales fincas, primero el Elías Colón, y por muerte de éste sus herederos los demandados.

Celebrado el juicio y practicadas pruebas por ambas partes, la corte dictó sentencia en 12 de noviembre de 1918, por la que declara sin lugar la demanda sin especial condenación de costas, reservando a las partes cualquier derecho que tu-. vieren para ser ejercitado en el juicio ordinario correspondiente.

La prueba de los demandantes tiende a demostrar que las fincas fueron adquiridas realmente por su padre José María Colón, mientras que la de los demandados tiende por el contrario a demostrar que desde las fechas de las escrituras de adquisición de las fincas, primeramente sus padres Elías Colón y Concepción Rodríguez, y los demandados a su muerte por título hereditario, han poseído ambas fincas en concepto de dueños, pagando las contribuciones repartidas sobre ellas.

Como revelan las alegaciones y las pruebas, las cuestiones envueltas en este caso no son propias para ser decididas dentro de los sumarios trámites del juicio de desahucio, sino

dentro de las amplias oportunidades de un pleito ordinario. No es el juicio de desahucio el adecuado para hacer declaraciones de derecho más o menos controvertibles, pues dicho juicio es un procedimiento especial cuyo único fin es recuperar la posesión de algún inmueble lanzando de él a quien lo detenta sin título alguno para ello. En corroboración de la anterior doctrina, invocamos nuestras decisiones en los casos de *Mehrhof* v. *Rodríguez et al.*, 14 D. P. R. 59, *Torres et al.*, v. *Pérez*, 18 D. P. R. 573, *Miranda* v. *Camerón et al.*, 19 D. P. R. 488, *Gandía* v. *Pagán*, 22 D. P. R. 833, y *Casanovas & Cía.* v. *Ramírez et al.*, 25 D. P. R. 625, con los casos en ellas citados.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.