ROSADO ET AL., DEMANDANTES Y APELANTES, *v.* DELGADO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre desahucio.

No. 2240.—Resuelto en febrero 11, 1921.

DESAHUCIO POR PRECARIO—POSESIÓN EN CONCEPTO DE DUEÑO—CONFLICTO DE DERECHOS.—Cuando en una acción de desahucio por precario el demandado contesta alegando que no posee en tal concepto sino en el de dueño, y presenta alguna evidencia que aparentemente demuestra que su posesión no es precaria, no debe declararse con lugar la demanda de desahucio, por existir un conflicto de derechos que ha de resolverse con las garantías de defensa e información que ofrecen los juicios declarativos.

Los hechos están expresados en la opinión.

Abogado de los apelantes: Sr. R. Arce.

Abogado de los apelados: Sr. E. López Tizol.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Los demandantes apelantes en concepto de herederos de Angel Hidalgo Contreras radicaron en la Corte de Distrito de Humacao, con fecha 5 de agosto de 1919, una demanda contra los demandados sobre desahucio por precario, alegando que al ocurrir el fallecimiento de Angel Hidalgo Contreras, en 14 de diciembre de 1915, dejó éste entre otros bienes una finca rústica que se describe en la demanda en la cual existe una casa terrera de maderas y techo de zinc destinada a habitación, y como Hidalgo Contreras tenía acogida en di--

cha casa a una mujer llamada Felícita Delgado, madre na-
tural de los demandados Juan Jerónimo y Carmen Delgado,
mujer de edad muy avanzada y enferma, los demandantes to-
maron el acuerdo de mantenerla y darle habitación hasta que
muriera, y al efecto consintieron en que la Felícita continuara
viviendo en la casa sin pagar canon ni merced alguna, hasta
el momento de su muerte, conviviendo con ella sus hijos na-
turales Carmen y Juan Jerónimo Delgado y su hijo político
o yerno el otro demandado Cirilo Santana, para que cuida-
ran de su persona; pero habiendo fallecido Felícita Delgado
en 20 de marzo de 1918, cesó el motivo de la ocupación y -
uso de la casa por parte de los demandados, quienes a pesar
de ello siguen disfrutándola sin pagar canon o merced alguna
y se niegan a entregarla a los demandantes.

Los demandados al contestar la demanda negaron los he-
chos en ella expuestos, alegando como materia de defensa
que en la misma Corte de Humacao y con los números 4330
y 5527 se encuentran pendientes y en trámite dos acciones
civiles entre los demandantes y los demandados, en cuyos
pleitos reclaman los hoy demandados la propiedad exclusiva
de la finca descrita en la demanda así como de los bienes
todos que en vida pertenecieron a Angel Hidalgo Contreras
y a Felícita Delgado, y que los demandados en el presente
pleito son los únicos y exclusivos dueños de la finca de que
se trata y los únicos también con derecho a la posesión de
la misma.

Celebrado el juicio la Corte de Humacao dictó sentencia
en 12 de diciembre de 1919 declarando sin lugar la demanda
por tratarse de un caso en el que los demandados no tienen
el carácter de poseedores en precario, pues su posesión obe-
dece a un derecho más o menos discutible pero nunca a la
tolerancia de los demandantes.

Esa sentencia ha sido apelada por los demandantes.

No nos toca resolver en el presente juicio sobre los dere-
chos que controvierten demandantes y demandados en los

dos casos pendientes iniciados antes que el presente en la
Corte de Distrito de Humacao, uno de ellos, No. 4330, sobre
liquidación de sociedad civil de gananciales iniciado por Fe-
lícita Delgado en 17 de abril de 1916, y continuado después
por Carmen y Juan Jerónimo Delgado como componentes de
la sucesión de la misma, y el otro, No. 5527, por Juan Jeró-
nimo Delgado contra los hoy demandantes sobre declarato-
ria de existencia de contrato y otros extremos, pues esos de-
rechos han de ser resueltos en los expresados juicios, me-
diante las alegaciones y pruebas aducidas en ellos, y no nos
es dable establecer en éste prejuicio alguno sobre su re-
sultado.

La única cuestión hoy a discutir y resolver es si los de-
mandados poseen o no en precario la casa de que se trata
y para ello se hace necesario traer a examen las pruebas del
juicio.

Son hechos resultantes del juicio que los demandantes son
actualmente causahabientes de Angel Hidalgo Contreras por
título hereditario; que Hidalgo Contreras, por escritura de
10 de mayo de 1905, inscrita en el registro, había adquirido
la finca y casa que se mencionan en la demanda; que Felí-
cita Delgado falleció bajo testamento que había otorgado en
3 de abril de 1917 en el que instituyó por herederos a su
hija Carmen, habida en relaciones amorosas con Manuel Del-
gado, casada con Cirilo Santana y a Jerónimo Delgado, ha-
bido en concubinato con Angel Hidalgo, y que están actual-
mente en tramitación los pleitos de que ya dejamos hecho
mérito.

La prueba testifical de los demandantes tiende a demos-
trar que ocurrido el fallecimiento de Angel Hidalgo convi-
nieron ellos en que Felícita Delgado continuara viviendo
hasta su fallecimiento la casa donde vivía con Angel Hidalgo,
quedando encargados de prestarle cuidados y atenciones sus
hijos Juan Jerónimo y Carmen Delgado, casada con Cirilo
Santana.

La prueba testifical de los demandados tiende a demos-
trar que Angel Hidalgo Contreras y Felícita Delgado vivie-
ron largos años en concubinato y que durante esa vida co-
mún, trabajando ambos, compró Hidalgo para los dos con
dinero del uno y del otro la casa de que se trata.

La prueba testifical de los demandados consiste en las
declaraciones de los testigos José Rodríguez Cruz y Ramón
Morales.   El primero declara entre otras cosas que—

"Sabe que esa finca a que se refiere la demanda la compró Angel
Hidalgo con dinero de ellos, según lo explicaron ellos, con dinero de
él y de Felícita, la mujer que él tenía, que Fela vivía con él en la
misma casa, que los conoció viviendo por lo menos veintiocho años
como marido y mujer; ella trabajaba tanto como él, se dedicaba mu-
cho a la crianza de aves y de cerdos; que sabe que ella atendía a las
necesidades de la casa, que ella trabajaba más que él, mucho más
que él trabajaba ella, en todo trabajo, atendía a la casa y se dedi-
caba a la crianza de aves y cerdos y bregaba con peones y hacía
manutenciones para los peones y todo eso; que ella hacía eso en la
finca que tenía arrendada * * *.   Que Angel Hidalgo le dijo
que él iba a comprar esa finca y para comprarla tenía que realizar
los bienes que tenía de ella y de él para comprarla con el producto
de ellos * * *."

El otro testigo Ramón Morales declara—

"Que don Angel * * * le decía siempre que aquella finca
la había adquirido por medio de su trabajo y de su señora o de su
mujer que tenía al lado en unión, porque resulta que él tenía una
finca arrendada a don Ignacio Berríos y trabajaban ellos criando
cerdos y criando ganado, haciendo un capitalito de dinero que por
cierto lo tenían en la casa de don Celestino Solá y después le com-
praron la finca esa a Machuca, y Angel Hidalgo dijo, yo quiero
esto para mi hijo para 'el día que muera tanto la madre como él
queden amparados * * *.   Yo puedo decir que conocí a Felícita
Delgado en unión de él y sucede que ellos habían adquirido un ca-
pitalito y vivían juntos."

Como se ve la negativa formulada por los demandados
con relación a su posesión en precario no está desnuda de
toda prueba.   Es aplicable al recurso la doctrina establecida

en los casos de *Miranda* v. *Camerón* et al., 19 D. P. R. 488,
y *Gandía* v. *Cabán,* 22 D. P. R. 833, de que cuando en una
acción de desahucio por precario el demandado contesta ale-
gando que no posee en tal concépto sino en el de dueño, y
presenta alguna evidencia que aparentemente demuestra que
su posesión no es precaria, no debe declararse con lugar la
demanda de desahucio.

Atendidos los méritos probatorios expuestos, no podemos
llegar a la conclusión de que los demandados posean en pre-
cario, esto es, sin título ni derecho alguno y por mera tole-
rancia de los demandantes la finca que éstos reclaman.  En
el presente caso hay envuelta una cuestión de derecho, de
gran trascendencia, que no puede resolverse en un juicio de
desahucio sin las garantías de defensa e información que
ofrecen los juicios declarativos. *Andino* v. *Canales,* 27 D.
P. R. 281.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro y Hut-
chison; disintiendo los Jueces Asociados Sres. Wolf y Al-
drey.