VÍCTOR HONORÉ Y GARAU, demandante y apelado, *v.* HIPÓLITO VARGAS, demandado y apelante.

No. 3479.—*Visto:* Marzo 3, 1925. *Resuelto:* Abril 24, 1925.

1. DESAHUCIO—DESAHUCIO EN PRECARIO—PROCEDENCIA DEL MISMO—DESAHUCIO CONTRA UN ESPOSO, SIENDO LA ESPOSA CONDUEÑA DE LA FINCA DE QUE SE TRATA.—No procede el desahucio contra un esposo que vive en unión de su esposa y disfrutando de la posesión material de una casa enclavada en la finca de que se trata, cuando la esposa es condueña de dicha finca y ella no se ha hecho parte en el procedimiento de desahucio ni ha intervenido en el mismo.

2. DESAHUCIO—DESAHUCIO EN PRECARIO—PROCEDENCIA DEL MISMO—DISFRUTE DE POSESIÓN MATERIAL—CONFLICTO DE DERECHOS.—Cuando las alegaciones de un demandado no están desprovistas de todo fundamento y existe un principio de evidencia que aparentemente demuestra que su posesión no es en precario, el conflicto que se levanta debe ventilarse en un juicio ordinario y no dentro de los límites del procedimiento de desahucio.

SENTENCIA de *Angel Acosta,* J. (Mayagüez), declarando con lugar la demanda, con costas. *Revocada,* declarándose sin lugar la demanda, sin costas.

*Alemañy & Ramírez,* abogados del apelante; *Angel A. Vázquez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una acción posesoria de desahucio, alegándose como causa para obtener el lanzamiento del demandado que éste ocupa en precario cierta casa enclavada en una finca de 26 cuerdas a que se refiere la demanda, sin pagar canon o merced alguna, esto es, por la mera tolerancia del demandante.

El demandado contestó negando los hechos esenciales de la demanda y alegó como defensas especiales, las siguientes:

"I. Que don Manuel de Jesús Rivera y Ramírez y doña Eugenia Ramírez contrajeron matrimonio en el pueblo de Cabo Rojo, el día 2 de julio de 1870.

"II. Que durante su estado matrimonial con doña Eugenia Ramírez o sea en el año 1872, don Jesús Rivera y Ramírez compró a doña María Acevedo de Ramírez la finca que se describe en el hecho primero de la demanda, en la que ·se encontraba la casa que se relaciona en la descripción de dicha finca.

"III. Que doña Eugenia Ramírez, cuyo segundo apellido es Acevedo, falleció abintestato en el pueblo de Cabo Rojo, el día 20 de mayo de 1894, y por orden de esta Hon. Corte de Distrito de Mayagüez, dictada en el caso civil No. 10,328, sobre declaratoria de herederos de dicha finada, declaró únicos y universales herederos de dicha finada, a sus legítimos hijos nombrados Gavino Eduvigis, Lorenzo, Eugenia María Justa, Juan de Mata y Nicasio Rivera y Ramírez, y al cónyuge viudo don Manuel de Jesús Rivera y Ramírez, en la cuota usufructuaria que determina la ley, en fecha 8 de febrero de 1924.

"IV. Que al tiempo del fallecimiento de dicha finada, la referida finca formaba parte de los bienes de la sociedad de gananciales que tenía ella constituída con su esposo don Manuel de Jesús Rivera y Ramírez, y con motivo de su muerte se trasmitió su derecho en dicha finca, que era por una mitad proindivisa de la misma, a sus herederos, los que actualmente son sus dueños y poseedores.

"V. Que el demandado, en unión de su esposa doña Eugenia María Justa Rivera y Ramírez, ocupa una de las casas que radican en dicha finca, como condueños que son de la misma, por ser su esposa hija legítima y una de las herederas de la finada doña Eugenia Ramírez y Acevedo, la que en unión de su esposo don Manuel de

Jesús Rivera y Ramírez formaban la sociedad de gananciales a quien pertenecía totalmente dicha finca.''

El demandado presentó su prueba y ella tendió a establecer todas las alegaciones de su defensa. Hubo prueba asimismo de que Manuel de Jesús Rivera y Ramírez contrajo segundas nupcias en 1899 con Candelaria Ramírez y Montalvo y que en 1906 inscribió la finca mediante información de dominio, consignándose claramente en el expediente que la había adquirido en 1872 por compra a María Acevedo Ramírez. No obstante, aparece la segunda esposa prestando su consentimiento a las varias transacciones que Rivera hizo con la finca, incluso la constitución de cierta hipoteca a favor del demandante y que culminó con el remate y la adjudicación de dicha finca al mismo demandante.

Ahora bien, las dos cuestiones que debemos considerar son las siguientes: ¿cabría desahuciar al demandado por el hecho de tratarse de bienes en que tiene interés su esposa, siendo privativos de la misma por no haberse hecho esta última parte en el procedimiento ni haber intervenido en el mismo? Y negada esta proposición, ¿la prueba del demandado ofrece algún principio de evidencia que aparentemente demuestre que su posesión no es en precario?

[1] En cuanto a lo primero, no estando la esposa separada del marido, viviendo unidos, disfrutando de la posesión material de la casa enclavada en la finca, si asumiéramos que por no haber sido parte en el procedimiento o intervenido en el mismo la esposa, el desahucio no podría decretarse contra ella, sería absurdo, desde luego, que la orden de lanzamiento se ejecutara desalojando solamente al esposo de la finca, pues esto envolvería la separación material de un matrimonio que solamente puede realizarse por la muerte o por causas que especifica la ley. Y si por otro lado a las alegaciones y pruebas del demandado no se le diera ningún valor, la sentencia decretando el desahucio se ejecutaría no obstante contra la esposa.

"Al ejecutar un auto para dar posesión, el funcionario está autorizado y obligado a poner en posesión al demandante haciendo desalojar al demandado y a todas las personas que estén en posesión y tengan intereses comunes con él o cuyos derechos en la propiedad dependen de, o estén subordinados a, sus derechos, tales como los miembros de su familia, huéspedes, agentes, criados y otras por el estilo, pero no a una persona que no sea parte ni tenga intereses comunes con una parte. La adecuada ejecución del auto requiere también que se retiren de la propiedad los bienes muebles del demandado." 36 C.J. 671.

Y la nota 91 de la misma página, letra (*a*), dice:

"(*a*) '*Privies*' son aquellas personas que están en posesión como representantes, sucesores o causahabientes de una parte en virtud de algún derecho adquirido después de comenzado el pleito. Lancaster v. Borkowski, 179 Wis. 1, 190 NW. 852. Las personas que están en posesión de la propiedad antes de comenzarse la acción, alegando tener el derecho a la posesión, y que no son incluídas como partes en el pleito, no pueden ser desalojadas por virtud del auto. *Lancaster* v. *Borkowski, supra.*"

[2] Respecto a los efectos de la prueba, ha sido la constante y uniforme jurisprudencia de este tribunal que cuando las alegaciones de un demandado no están desnudas de toda prueba, existiendo un principio de evidencia que aunque aparente, indica que su posesión no es la de precario sino de dueño, se levanta un conflicto que ha de ventilarse en los amplios trámites de un juicio ordinario y no dentro de los estrechos límites del procedimiento sumario de desahucio. *Torres et al.* v. *Pérez,* 18 D.P.R. 573; *Gandía* v. *Cabán,* 22 D.P.R. 833; *Casanovas y Co.* v. *Ramírez,* 25 D.P.R. 625; *Nazario* v. *Almodóvar et al.,* 26 D.P.R. 329; *Sucesión Colón* v. *Colón et al.,* 27 D.P.R. 87; *Fajardo Sugar Co.* v. *Torres,* 27 D.P.R. 364; *Andino* v. *Canales,* 27 D.P.R. 282, y *Rosado et al.,* v. *Delgado,* 29 D.P.R. 91.

En el presente caso, examinada la prueba, hemos llegado a la conclusión de que las alegaciones del demandado no están desprovistas de todo fundamento, y sin que tengamos que afirmar nada en cuanto a sus méritos, el conflicto apa-

rente que levanta es más bien para que se ventile y decida dentro de la amplitud del juicio ordinario.

Por las razones expuestas *debe revocarse la sentencia de la corte inferior y dictarse otra declarando sin lugar la demanda, sin especial condenación de costas.*

El Juez Asociado Señor Wolf, disintió.