Mercedes y Severiana Díaz, demandantes y apelantes, *v.* Tomás Morales, demandado y apelado.

No. 4496.—*Sometido:* Mayo 23, 1928. *Resuelto:* Enero 30, 1929.

*González Fagundo & González Jr.*, abogados de las apelantes; *José C. Rivera*, abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Mercedes y Severiana Díaz interpusieron una demanda de desahucio en la Corte de Distrito de Humacao contra Tomás Morales. En ella alegaron, en resumen, que eran dueñas de una finca rústica de cuatro cuerdas situada en San Lorenzo, barrio Quebrada Adentro, lindante al norte con Felícita Gómez, al sur, quebrada de por medio, con la Sucesión Vilá, al este con Angel Buenomo y al oeste con Pablo Calderón, y que el demandado sin título o derecho alguno, en precario, ocupaba dicha finca y se negaba a dejarla a la libre disposición de las demandantes.

El demandado contestó negando "general y especialmente todos y cada uno de los hechos esenciales de la demanda" y alegando además como "materia nueva constitutiva de oposición y defensa" en resumen que las demandantes siguieron contra Pedro Juan Gómez y otro en la propia corte de distrito un pleito de *injunction* para retener la posesión de la finca de cuatro cuerdas de que se trata y obtuvieron una sentencia favorable fundada en una opinión en la cual el juez sentenciador declaró que: "La prueba ha demostrado, como se alega en la contestación, que la finca de cuatro cuerdas descrita en la demanda forma parte de la de seis cuerdas descrita en la contestación;" que para hacer efectiva la condena en costas las dichas demandantes embargaron "como de la propiedad de Pedro Juan Gómez la finca de seis cuerdas que incluye la de cuatro", a saber: rústica de seis cuerdas, en San Lorenzo, barrio Quebrada, lindando al norte y este con Angel Buonomo, al sur con la Sucesión Vilá y al oeste con Pablo Calderón, estando por lo tanto dichas demandadas impedidas de alegar que la dicha finca les pertenece en todo o en parte; que la finca embargada se subastó adjudicándose a Gumersindo Viera quien autorizó al demandado para que quedara en la posesión de la misma

a su nombre, siendo por tanto la posesión del demandado legítima y no en precario.

Al comenzar la vista las demandantes pidieron que se dictara sentencia sobre las alegaciones. La corte pospuso la resolución de dicha moción para después que se practicara la prueba y practicada ésta la declaró sin lugar y desestimó la demanda por entender que se trataba de un caso que no era propio para ser resuelto mediante el juicio sumario de desahucio. Contra esa sentencia interpusieron las demandantes el presente recurso de apelación.

 Señalan las apelantes como primer error el cometido a su juicio por la corte al negarse a dictar sentencia por el mérito de las alegaciones.

Al discutir dicho error comienzan criticando la costumbre que dicen que existe en las cortes de distrito y que se siguió en este caso de posponer la resolución de cuestiones como ésta para después de practicada la prueba. Es mejor práctica, en verdad, decidir el problema sin oír la evidencia. Todo está ante la corte a virtud de las alegaciones y el pleito puede quedar definitivamente resuelto sin pérdida para la justicia, de una manera más sencilla y con ahorro del tiempo de las partes y la corte.

Entrando en la discusión del error, sostienen las apelantes que el demandado no pudo en su contestación hacer como hizo una negación general y especial de todos y cada uno de los hechos esenciales de la demanda y, después de alegar algunas cuestiones impertinentes, admitir como admitió que las demandantes estaban en posesión de la finca de cuatro cuerdas y que el demandado ocupaba la misma. Las apelantes invocan en apoyo de su contención el caso de *Somonte* v. *Mimoso*, 27 D.P.R. 398.

No puede negarse que la decisión de *Somonte* v. *Mimoso*, *supra*, guarda relación con este caso, pero a nuestro juicio no es enteramente aplicable.

En el caso de Somonte se trataba de un *injunction* para recobrar la posesión. Sólo, pues, la cuestión de posesión

estaba envuelta. Y la contestación fué redactada en forma tan evasiva que no podía llegarse a otra conclusión que no fuera a la de que admitía los·hechos alegados en la demanda.

Aquí se trata de un juicio de desahucio. La demanda se basa en que el demandado ocupa la finca en precario. El demandado niega tal hecho en su contestación, y luego, como materia nueva, sostiene que la finca a que se refiere la demanda forma parte de otra de mayor extensión que fué adquirida por otra persona en pública subasta, estando el demandado en posesión a nombre de esa otra persona.

A nuestro juicio no hay contradicción. La posesión puede tenerse en varios conceptos. Se puede negar como se negó la posesión precaria y a la vez alegar como se alegó la posesión a nombre del dueño, persona distinta de las de-dandantes.

Siendo esto así, no vemos que la corte cometiera el error que le atribuyen las apelantes.

Los errores 2, 3 y 4 se refieren a los cometidos por la corte a juicio de las apelantes al admitir como prueba la opinión de la propia corte en el caso No. 10073 seguido por Mercedes y Severiana Díaz contra Pedro Juan Gómez y otro sobre *injunction,* el mandamiento de posesión librado por el secretario en el dicho caso y el acta de la subasta llevada a efecto en el mismo.

Las demandantes haciendo siempre constar que se mantenían en la posición que adoptaron al pedir que se fallara el pleito sobre las alegaciones, se opusieron a la admisión de los indicados documentos, en cuanto a la opinión, porque no era la sentencia; en cuanto al mandamiento, porque era nulo ya que la corte no podía dictar mandamiento de posesión en un pleito en que no se trataba de la ejecución de una hipoteca, y en cuanto al acta de subasta, porque por ella no podía destruirse el título de las demandantes a las cuatro cuerdas ni cabía traer a este pleito de desahucio una cuestión de confusión de colindancias.

Tanto la opinión como el mandamiento y el acta forma-

ban parte como se ha dicho de los autos del pleito No. 10073 tramitado en la propia Corte de Distrito de Humacao.

Cuando la parte demandada introdujo dichos documentos como prueba, ya la parte demandante había introducido en evidencia una certificación de la orden de la corte aprobando el expediente de dominio promovido por Mercedes Díaz *et al.* que se encontraba en el dicho pleito No. 10073, tres recibos de contribuciones que formaban parte de los mismos autos, y la sentencia resolutoria del pleito.

Siendo esto así, no vemos que la corte de distrito cometiera error al admitir como prueba la opinión que fundamentaba la sentencia presentada y dos constancias más del propio pleito que guardaban relación con los hechos alegados por el demandado en su contestación. Una cosa es la admisión de un documento y otra la fuerza probatoria que deba reconocerse o darse al mismo al resolver el litigio.

El quinto error señalado se formula así: "La sentencia es contraria a la prueba y la corte erró en la apreciación de la misma."

Parece conveniente transcribir los párrafos que siguen de la opinión en que se basa la sentencia recurrida:

"Entrando en el fondo de esta cuestión y examinando la prueba presentada por el demandado, aparece que existe una controversia, no de ahora, sino de hace algún tiempo, sobre si la finca descrita de cuatro cuerdas está comprendida dentro de la otra finca de seis cuerdas que pertenecía primeramente a Pedro Juan Gómez y hoy a virtud de la subasta llevada a cabo, es de la propiedad de Gumersindo Viera.

"No queremos entrar a discutir la fuerza legal que podría darse en este caso a las manifestaciones hechas por el Juez en su opinión en el caso de Injunction anterior, pero de cualquier modo ello sienta una fuerte presunción en favor de los derechos aquí discutidos y levanta a la vez de una manera clara y evidente la cuestión de un verdadero conflicto de títulos entre las partes litigantes en el presente pleito.

"Y es constante doctrina de nuestra Corte Suprema 'que cuando las alegaciones de un demandado no están desnudas de toda prueba, existiendo un principio de evidencia que aunque aparente, indica que

su posesión no es la de precario sino de dueño, se levanta un conflicto que ha de ventilarse en los amplios trámites de un juicio ordinario y no dentro de los estrechos límites del procedimiento sumario de desahucio. Torres et at v. Pérez, 18 D.P.R. 573; Gandía v. Cabán, 22 D.P.R. 833; Casanovas y Co. v. Ramírez, 25 D.P.R. 625; Nazario v. Almodóvar et al., 26 D.P.R. 329; Sucesión Colón v. Colón et al., 27 D.P.R. 87; Fajardo Sugar Co. v. Torres, 27 D.P.R. 364; Andino v. Canales, 27 D.P.R. 282; y Rosado et al. v. Delgado, 28 D.P.R. 91,' no reportados aún.''

Las apelantes sostienen que habiendo aportado un título inscrito a las cuatro cuerdas y una sentencia que declaró su derecho a la posesión (caso 10073 sobre *injunction*) no se explican cómo pudo dictar el juez la sentencia que dictó.

Son, pues, las propias demandantes las que invocan a su favor la sentencia en el caso de *injunction* y no puede prescindirse del hecho de que tal sentencia se basa en una opinión en que si bien se reconoce el derecho posesorio a las demandantes se consigna que la prueba demostró que la finca de cuatro cuerdas formaba parte de la de seis.

Si se comparan las descripciones de ambas fincas se verá que radican en la misma municipalidad, en igual barrio y que tres de sus colindancias son idénticas.

La evidencia testifical de las demandantes consistió en las declaraciones de Gregorio Alamo y de Mercedes Díaz, una de las propias demandantes. Ambos testigos incurrieron en contradicciones al describir la finca de cuatro cuerdas y ambos aseguraron que el demandado había sido puesto por las demandantes al cuidado de la finca.

Declaró el demandado y negó tal hecho asegurando a su vez que había sido puesto al cuidado de la finca primero por su anterior dueño el demandado en el pleito sobre *injunction* Pedro Juan Gómez y luego por Gumersindo Viera su actual propietario. Dijo que ni siquiera conocía a las demandantes. El otro testigo que declaró por la parte demandada fué su abogado J. C. Rivera. En resumen dijo: que a nombre de su cliente Pedro Juan Gómez inició una acción de desahucio contra Gregorio Alamo y al celebrarse la primera compare-

cencia el demandado ofreció como prueba un expediente de dominio a favor de Mercedes y Severiana Díaz, el mismo expediente relacionado con el pleito 10073, y él ofreció otro expediente de dominio a favor de Gómez inscrito en el registro con anterioridad al de las Días. Trató entonces de hacer referencia a lo que le dijo el juez de distrito, no pudo declarar y terminó manifestando que apareciendo un conflicto de títulos, desistió del desahucio. Que entonces fué que las demandantes iniciaron el pleito de *injunction* para retener la posesión que fué ganado por ellas condenándose a Gómez a pagar las costas. Se opusieron las demandantes a que siguiera declarando "porque ésa es más bien una relación de los hechos que aparece de los autos, y eso no se pudo traer aquí por prueba testifical." Surgió un incidente y no continuó en su relación el testigo. Terminó diciendo que el demandado Tomás Morales estaba en la finca primero puesto por Gómez y después por Viera.

Siendo esto así, tampoco erró la corte, a nuestro juicio, al apreciar la prueba. La corte no decidió que las demandantes no fueran dueñas de la finca de cuatro cuerdas, ni que dicha finca estuviera dentro de la de seis, sino que existía un conflicto de títulos que no debía resolverse en el sumario procedimiento de desahucio. Y que el conflicto existe es aparente.

*Debe confirmarse la sentencia apelada.*