Liboria Esteban Zamorano y Cesario García Nieto, éste en representación y como padre con patria potestad sobre sus menores hijos Felipe, Julián, Laureana, Angela y María-Agustina García y Esteban, demandantes y apelados, *v.* Manuel Talavera, demandado y apelante.

No. 3370.—*Visto:* Febrero 13, 1925.  *Resuelto:* Agosto 1, 1925.

1. Arrendador y Arrendatario — Arrendamientos y Adelantos — Acciones — Demanda Suficiente.—En una demanda en cobro de arrendamientos de una casa en que la descripción de la propiedad demuestre que El Pueblo es el dueño del solar, no es necesario alegar que los demandantes tuvieran derecho a ocuparlo, a arrendar y a cobrar alquileres por la casa; la existencia de una alegación suficiente de que el demandado alquiló a los demandantes, que eran los dueños de la casa, es todo lo necesario.

2. Arrendador y Arrendatario — Título del Arrendador y "Reversion" — Estoppel del Arrendatario—Negación del Título del Arrendador.—Una persona que tiene la posesión o pertenencia (*ownership*) de cierto solar, puede arrendarlo a otra y cobrar el alquiler, y el inquilino, por lo general, no puede negar el título de su arrendador.

3. Arrendador y Arrendatario — Arrendamientos y Adelantos — Acciones — Defensas—Presunción de Pago de Arrendamiento no Reclamado.—Reclamándose un arrendamiento por trece meses anteriores a determinado mes, pero sin incluir tal mes, se pretendió que de tal hecho se dedujera el pago correspondiente al mes omitido y se invocó la presunción de pago de los meses reclamados debido al pago de dicho mes omitido. *Se resolvió:* que la presunción del párrafo 10 del artículo 102 de la Ley de Evidencia presupone un recibo, que no existe en el caso de autos, y que el hecho de no reclamar como debido un determinado mes no levanta presunción de clase alguna.

4. Acciones—Acumulación—División *(Splitting)*, Consolidación y Separación —Renuncia de Parte de una Reclamación.—Una persona puede renunciar parte de su reclamación.

5. Arrendador y Arrendatario — Título del Arrendador y "Reversion" — Estoppel del Arrendatario—Negación del Título del Arrendador.—En esta acción—en cobro de arrendamientos de una casa enclavada en terrenos de El Pueblo de Puerto Rico—el arrendatario negó el título del arrendador fundándose en la Ley No. 53 de 1921 (p. 387). *Se resolvió:* que el arrendador entró en posesión del terreno antes de la aprobación de dicha ley, y que impedido el arrendatario de negar el título de aquél, su impedimento llevaría consigo, de ser necesario, la presunción de que se ocupaba el terreno con permiso de El Pueblo, especialmente cuando la prueba tiende a demostrar que el arrendador estaba pagando contribuciones.

6. Arrendador y Arrendatario — Arrendamientos y Adelantos — Acciones — Evidencia—Admisibilidad—Evidencia Tendente a Negar el Título del Arrendador.—En una acción para el cobro de arrendamientos de una casa, aún cuando el arrendatario niegue que haya celebrado contrato alguno de arrendamiento con el arrendador, no puede dicho arrendatario presentar prueba tendente a negar el título del demandante a la casa en cuestión.

SENTENCIA de *Charles E. Foote*, J. (Primer Distrito, San Juan), declarando con lugar la demanda, sin costas. *Confirmada.*

*L. E. Dubón* y *O. M. Wood*, abogados del apelante; *Adrián Agosto*, abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1, 2] Habiéndose establecido una acción contra el demandado para el cobro de arrendamientos de cierta casa, alega éste haberse cometido error en la sentencia dictada a favor de la demandante porque la demanda no expresaba una causa de acción. La descripción de la propiedad demuestra que el Pueblo de Puerto Rico es el dueño del solar. Sin embargo, una persona que tiene la posesión, o pertenencia (*ownership*) de cierto solar, puede arrendarlo a otra y cobrar el alquiler. Estamos muy familiarizados con la costumbre en Puerto Rico de ser dueños de casas en suelo ajeno. Si la falta de un título superior era suficiente para anular una reclamación por alquileres, los usufructuarios no podrían recobrar, ni los inquilinos tampoco de sus subarrendatarios. Existía una alegación suficiente en la demanda de que el demandado alquiló a los demandantes, que eran los dueños de la casa, y esto era todo lo necesario. Un inquilino por lo general no puede negar el título de su arrendador y este caso no presenta ninguna excepción.

[3] El otro fundamento de excepción de que no existe causa de acción, es sorprendente en sumo grado. El demandante alega que el demandado estaba en posesión de la casa en octubre, 1922. Los demandantes probablemente por error reclamaban un arrendamiento de trece meses anteriores al mes de septiembre de 1922 pero no incluían ese mes. Debido a esta omisión el apelante quiere que deduzcamos el pago del arrendamiento correspondiente a dicho mes de septiembre y por tanto invoca la presunción de que los arrendamientos anteriores fueron satisfechos debido al pago que se hizo del último plazo. La presunción del párrafo 10 del artículo 102 de la Ley de Evidencia supone previamente un

recibo que no existe en este caso. Para precisar, sin embargo, como los hechos de una demanda cuando se atacan son admitidos, la presunción de pago, sería rebatida por la clara manifestación de que los arrendamientos correspondientes a los meses anteriores se debían y estaban sin pagar. El hecho de no reclamar como debido un determinado mes no levanta presunción de ninguna clase.

[4] En cuanto a la idea de que un demandante no puede dividir sus reclamaciones, se contesta diciendo que una persona puede renunciar una parte de su reclamación. Además, *non constat* que el demandado haya pagado el mes de septiembre y que los demandantes estuvieran litigando por la renta atrasada.

[5] En todo este señalamiento de error y en algunos de los otros señalamientos el apelante insiste en que la posesión de los demandantes es ilegal. No sólo se supone que esta ilegalidad surge de la falta de título de los demandantes, sino también que tal posesión es ilegal porque hay una ley de la Legislatura que prohibe a cualquier persona entrar en posesión del terreno del Pueblo de Puerto Rico sin permiso. A esta contención se contesta suficientemente con decir que los demandantes ocuparon el terreno antes de que la ley fuera aprobada. El demandado estaría impedido de poder negar el título de su arrendador, y su impedimento llevaría consigo, de ser necesario, la presunción de que los *demandantes estaban ocupando con permiso del Pueblo de Puerto Rico.* La prueba tendió a acreditar que los demandantes estaban pagando contribuciones al Pueblo de Puerto Rico. Los demandantes una vez trataron de establecer una reclamación no sólo en cuanto a la casa sino también respecto al solar en el cual la casa estaba edificada. Aunque la reclamación del terreno quedó definitivamente resuelta por nuestra opinión en el caso de *El Pueblo* v. *Zamorano,* 28 D.P.R. 722, el arrendatario no es la debida persona para atacar la reclamación de los demandantes.

El segundo señalamiento de error se refiere a la suficien-

cia de la prueba para demostrar que existía el arrendamiento con el demandado.  Hubo prueba suficiente para demostrar tal arrendamiento.

[6] El tercer señalamiento de error hace referencia a la negativa de la corte inferior a aceptar cierta evidencia presentada tendente a impugnar el título a la casa.  En cierta ocasión durante el juicio el demandado sostuvo que tenía derecho a atacar el título de los demandantes toda vez que él negó que hubiera celebrado un contrato con dichos demandantes.  La corte muy acertadamente contestó que si no hubo ningún contrato de arrendamiento el demandado en manera alguna era responsable pero que él no podía negar el título.

El cuarto señalamiento de error ha sido tratado suficientemente en nuestra discusión general y no es necesario que se le mencione especialmente.

*Debe confirmarse la sentencia apelada.*