Compañía Teatral de Santurce, demandante y apelante, *v.* Ramón Lloveras Soler y Francisco Rodríguez, demandados y apelados.

No. 4582.—*Sometido*: Feb. 1, 1929. *Resuelto*: Nov. 14, 1929.

*Tous Soto & Quiñones*, abogados de la apelante; *Juan B. Soto* y *C. Pesquera*, abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La Compañía Teatral de Santurce presentó demanda contra Ramón Lloveras Soler y Francisco Rodríguez fundada en dos causas de acción, alegando en la primera que Ramón Lloveras Soler como dueño de una casa cuya descripción se hace y cuya superficie es de 696.87 metros cuadrados la cedió en arrendamiento con el teatro y cinematógrafo a que está destinada a Francisco Rodríguez por término de cinco años vencederos el 31 de mayo de 1928, siendo convenido entre las partes que el arrendatario se obligaba a mantener en buen estado de conservación y limpieza el local arrendado así como su mobiliario y efectos que lo integran, debiendo devolverlo en el mismo buen estado en que lo recibía. También alegó la demandante que el mismo día en que fué celebrado ese contrato lo cedió Rodríguez a la Compañía Teatral de Santurce cuya cesión fué puesta en conocimiento del arrendador Lloveras Soler que se mostró conforme con ella y quien ha venido reconociendo a la demandante como substituta de Rodríguez en relación con los derechos y obligaciones del arrendamiento, subrogada en su lugar y eliminado Rodríguez con respecto al contrato: que la demandante y Rodríguez han cumplido las obligaciones derivadas del arrendamiento y que Lloveras se niega a mantener y a respetar a la Compañía Teatral de Santurce en la posesión y disfrute de

los bienes arrendados. Para la segunda causa de acción alegó además que en 1926 Lloveras demandó a Rodríguez por falta de pago del canon de arrendamiento y obtuvo sentencia para que desalojara la casa con sus accesorios sin que notificara esa demanda a la Compañía Teatral de Santurce: que todos los cánones del arrendamiento fueron consignados en el procedimiento de desahucio y retirados por Lloveras sin protesta ni reserva alguna: y que Lloveras pretende hacer cumplir esa sentencia contra Rodríguez lanzando a la compañía demandante de la finca expresada. Por esas alegaciones solicitó del tribunal declarase válida y obligatoria la cesión del arrendamiento hecha por Rodríguez a la compañía demandante: que condene a Lloveras a cumplir con la compañía como cesionaria de Rodríguez el contrato de arrendamiento: que declare que la sentencia de desahucio dictada contra Rodríguez no afecta a la demandante: que la causa de acción por desahucio queda extinguida y que prohiba a Ramón Lloveras Soler que ejecute la sentencia de desahucio dicha en cuanto afecta a la demandante.

En la contestación jurada de Lloveras se niega que Rodríguez cediera su contrato a la Compañía Teatral de Santurce: que se pusiera en su conocimiento cesión alguna del expresado contrato: y que se haya mostrado conforme con ella, así como que haya reconocido a la demandante como substituta de su arrendatario Rodríguez: no negó que obtuviera sentencia de desahucio contra Rodríguez y no hizo petición alguna a su favor.

Después de esa alegación Lloveras presentó al tribunal una petición de *injunction* en la que alegó que de acuerdo con el contrato de arrendamiento que según la demandante le ha sido cedido, el arrendatario está obligado a mantener en buen estado de conservación y limpieza el local, mobiliario, etc.; que la demandante ha descuidado la finca al punto de que se halla en estado ruinoso, encontrándose el techo podrido completamente y a punto de desprenderse y que al caer removerá los muros, destruirá los pisos, balcones, divisiones interiores,

mobiliario y producirá muchas muertes de seres humanos, y que el negocio de cinematógrafo sería destruído totalmente, causándole esto daños irreparables; concluyendo con la súplica de que se ordene a la demandante que cambie el techo del edificio incluyendo todas las tijerillas del mismo y que repare los pisos, puertas y ventanas del mismo o los substituya por otros.

Se opuso la demandante a esa petición, pero el tribunal, después de oír evidencia, concedió el *injunction* preliminar solicitado y ordenó a la Compañía Teatral de Santurce el 6 de marzo de 1928 (dos meses antes de vencerse el término del arrendamiento) que cambie el techo del edificio incluyendo los tabiques interiores del mismo y que repare los pisos, puertas y ventanas de dicho edificio, imponiéndole las costas.

Contra esa resolución interpuso la compañía demandante este recurso de apelación en el que no ha traído ante nosotros la prueba que fué practicada.

██ Si no fuera porque la apelante fué condenada en costas desestimaríamos este recurso por académico ya que habiendo vencido el término del arrendamiento desde mayo del año próximo pasado no podría exigirse ahora a quien no es arrendatario que con tal carácter haga esas obras.

Si bien la demandante, apelante ahora, alega en su demanda que es la cesionaria del arrendamiento otorgado por Lloveras a Rodríguez y que lo ha sucedido en sus derechos y obligaciones con conocimiento del arrendador, éste le niega tal carácter en su contestación, por lo que no reconociéndola como arrendataria suya por cesión no tiene causa de acción para exigirle que cumpla deberes como arrendataria, tanto más cuanto que no ha solicitado del tribunal remedio alguno a su favor que pueda ser protegido o amparado por el remedio de *injunction* preliminar, que además no podría convertirse en perpetuo por falta de una acción principal que pueda ser sostenida. Si la oposición de Lloveras a la demanda prosperase, la sentencia tendría que declarar que la Compañía Teá-

tral de Santurce no era arrendataria suya por cesión que le hiciera Rodríguez, ya que ése es el hecho fundamental de la demanda impugnada, y por consiguiente no estaría obligada a cumplir obligaciones como arrendataria. Otra razón existe también y es la de que estando rescindido el arrendamiento por la sentencia de desahucio no pueden exigirse obligaciones provenientes del mismo. Lo que pretende el apelado es que se obligue a la apelante al cumplimiento específico del contrato de arrendamiento tratando de obtener por un *injunction* provisional lo que no podría obtener en un juicio ordinario; y es regla que el *injunction* como remedio para el cumplimiento específico será negado especialmente cuando se solicita mandatorio, pues raras veces se concede antes de la vista final. Beach sobre *Injunctions,* citado a este fin en *San Juan Racing & Sporting Club et al.* v. *Foote,* 31 D.P.R. 166.

Por otra parte, independientemente de si la cláusula del contrato por cinco años que obliga al arrendatario a mantener en buen estado de conservación el edificio obliga a tanto como a ponerle un techo nuevo a una casa grande, pues eso significa la orden de cambiarlo, así como sus tabiques, y a que repare o substituya por otros los pisos, puertas y ventanas del edificio, los términos en que está redactada la orden son tan vagos y generales que sería de imposible cumplimiento, pues no determina qué clase de techo se ha de poner al edificio ni si son todos los pisos, puertas y ventanas los que deben repararse ni en qué ha de consistir tal reparación, de modo que pueda exigirse el cumplimiento de la orden de *injunction;* sin que el solo hecho de que esos daños sean irreparables sea bastante por sí solo para justificar la concesión del auto.

*La resolución apelada debe ser revocada y dictarse otra declarando sin lugar la petición de injunction hecha por el demandado Lloveras Soler, sin especial condena de costas.*

El Juez Asociado Señor Hutchison no intervino.