Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Autoridad de los Puertos de P.R.<br><br>Apelado<br><br>vs.<br><br>Arlet Aviation, LLC<br><br>Apelante | TA2025AP00405 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil Núm.: CE2025CV00086<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2025.

Comparece Arlet Aviation, LLC (Arlet Aviation o la parte apelante), a los fines de solicitar la revocación de la Sentencia emitida el 1 de octubre de 2025[1] por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro primario). Mediante el referido dictamen, el foro primario acogió la solicitud de desestimación, presentada por la parte apelante, como una petición de sentencia sumaria. En consecuencia, declaró Con Lugar la Demanda de desahucio instada por la Autoridad de los Puertos de Puerto Rico (Autoridad de los Puertos o la parte apelada).[2]

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, confirmamos la Sentencia apelada, por los fundamentos que expondremos a continuación.

**I.**

El 19 de septiembre de 2025, la Autoridad de los Puertos instó una Demanda de desahucio por la vía sumaria en contra de

---

[1] Notificada en igual fecha.
[2] La parte apelante acreditó que presentó la correspondiente fianza en apelación, en cumplimiento de la normativa vigente en casos de desahucio.

Arlet Aviation. En síntesis, la parte apelada alegó que el 10 de abril de 2015 ambas partes suscribieron un contrato de arrendamiento, por un término de 10 años, sobre ciertas áreas en el Aeropuerto José Aponte de la Torre (Aeropuerto) del Municipio de Ceiba. Precisó que, registró dicho contrato ante la Oficina del Contralor de Puerto Rico bajo el número 2015-000088.[3] No obstante, indicó que el término del contrato venció el 9 de abril de 2025. En vista de ello, solicitó que Arlet Aviation desalojara el espacio ocupado.

En respuesta, el 30 de septiembre de 2025, la parte apelante radicó una Moción de Desestimación de la Demanda de Desahucio, acompañada de una serie de documentos. Arguyó que, la Junta de Directores de la Autoridad de los Puertos celebró una reunión el 16 de mayo de 2024. Adujo que, ese día se aprobó la extensión del término del contrato en virtud de la Resolución Núm. 2024-013. Sin embargo, expuso que, el 11 de septiembre de 2025, el Sr. Norberto Negrón Díaz (Sr. Negrón Díaz), quien es el director de la Autoridad de los Puertos, le remitió una carta, en la que le solicitó el inmediato desalojo del espacio arrendado. Argumentó que tal actuación, es contraria al acuerdo de extensión del término aprobado en el año 2024. Por ende, sostuvo que procede la concesión de la desestimación, pues la Demanda no justifica la concesión de un remedio legal, según dispone el inciso (5) de la Regla 10.2 de Procedimiento Civil, *infra.*

Por su parte, el 1 de octubre de 2025, la Autoridad de los Puertos presentó su Oposición a Moción de Desestimación, a la cual adjuntó un documento denominado Certificación. En su moción, señaló que el contrato de arrendamiento suscrito en el año 2015 tenía un término fijo de 10 años que venció en abril de 2025.

---

[3] De acuerdo con las alegaciones contenidas en la Demanda, la Autoridad de los Puertos sostuvo que el referido contrato sufrió una serie de modificaciones. Sin embargo, puntualizó que el término de arrendamiento se mantuvo inalterado.

Agregó que actualmente no ha otorgado un contrato a favor de Arlet Aviation.

Examinados los argumentos de las partes, el 1 de octubre de 2025, el foro primario emitió la Sentencia, notificada en igual fecha, en la que declaró No Ha Lugar la solicitud de desestimación presentada por Artlet Aviation, al amparo de la Regla 10.2(5) de Procedimiento Civil, *infra*. Consecuentemente, acogió la solicitud de desestimación, como una moción de sentencia sumaria, y declaró Con Lugar la Demanda de desahucio instada por la parte apelada. En esencia, resolvió que la Autoridad de los Puertos no ha otorgado un contrato de arrendamiento a favor de la parte apelante:

> ***[N]o existe controversia en que el bien inmueble pertenece a la Autoridad de los Puertos y que entre las partes existió un contrato de arrendamiento que cumplió con todos los requisitos de contratación gubernamental y culminó en abril de 2025. Independiente a si en efecto hubo o no un acuerdo verbal de extender el mismo, lo cierto es que no se cumplió con el ordenamiento jurídico en contratación gubernamental al no haber un contrato escrito y mucho menos referido a la Oficina del Contralor como surge claramente de la norma jurídica enunciada y establecida en el Contrato original de las partes. Siendo ello así, no existe una controversia real ni defensa que pueda interponer Arlet a los fines de que no puede ocupar la propiedad de la Autoridad de Puertos y procede el desahucio de Arlet.***[4] (Énfasis nuestro).

Inconforme, el 3 de octubre de 2025, Arlet Aviation recurrió ante este Tribunal de Apelaciones mediante un recurso intitulado Petición de Apelación, en el cual esbozó los siguientes señalamientos de error:

> *Primer Error: Erró el TPI al dictar Sentencia Sumaria en violación del procedimiento especial que requiere el Artículo 620 del Código de Enjuiciamiento Civil, 32 L.P.R.A. § 2821 et seq., toda vez que el procedimiento sumario de desahucio seguido por la autoridad obliga al TPI a la celebración de una vista en sus méritos.*

---

[4] Entrada 21 del Sistema Unificado de Manejo y Administración de Casos del Tribula de Primera Instancia (SUMAC TPI), a la pág. 7.

*Segundo Error:  Erró el TPI al emitir Sentencia Sumaria en violación de la Regla 36 de las Reglas de Procedimiento Civil de Puerto Rico cuando existen controversias de hecho que requieren el desfile de evidencia testifical en un juicio en sus méritos.*

*Tercer Error: Erró el TPI al dictar Sentencia Sumaria a sabiendas de que la Junta de Directores de la Autoridad había aprobado la extensión del contrato de arrendamiento de Arlet Aviation previo a su vencimiento programado, por lo cual la acción de desahucio es improcedente.*

*Cuarto Error: Erró el TPI al dictar Sentencia Sumaria reconociendo facultades al Director Ejecutivo de la Autoridad totalmente contrarias a las directrices de la Junta de Directores de la Autoridad.*

Sometido su recurso, el 8 de octubre de 2025, emitimos una Resolución en la cual le ordenamos a la parte recurrida a presentar su alegato en oposición en un término a vencer el 28 de octubre de 2025.  En cumplimiento, el 21 de octubre de 2025, la Autoridad de los Puertos sometió su Oposición a Apelación.  Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración.

**II.**

**A.**

Nuestro esquema procesal avala que un demandado solicite la desestimación de una reclamación judicial cuando de las alegaciones de la demanda surja que alguna defensa afirmativa derrotará la pretensión del demandante.  *Rodríguez Vázquez v. Hosp. Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ___ (2025); *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523 (2024).  A tales efectos, la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite solicitar la desestimación cuando la demanda deja de exponer una reclamación que justifique la concesión de un remedio.

Ante una petición de tal naturaleza, "los tribunales deberán examinar los hechos alegados en la demanda lo más liberalmente

posible a favor de la parte demandante". *Consejo Titulares v. Gómez Estremera et al.,* 184 DPR 407, 423 (2012). Para que la moción de desestimación prospere, la parte demanda tiene que demostrar que la parte demandante no tiene derecho a remedio legal alguno:

> *Así, para que una moción de desestimación pueda prosperar, se tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. Inmob. Baleares et al. v. Benabe et al.,* 214 DPR 1109, 1128-1129 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 396 (2022)

Por otro lado, la Regla 10.2 de Procedimiento Civil, *supra,* establece que un tribunal podrá atender la moción de desestimación, presentada al amparo del inciso (5), como una solicitud de sentencia sumaria si se presentan materias no contenidas en la alegación impugnada, y estas no son excluidas:

> *Si en una moción en que se formula la defensa número (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla.* (Citas omitidas). 32 LPRA Ap. V, R. 10.2.

En *Torres Capeles v. Rivera Alejandro,* 143 DPR 300, 309 (1997), el Tribunal Supremo de Puerto Rico interpretó lo dispuesto en la Regla 10.2 de Procedimiento Civil, *supra,* de la siguiente manera:

> *La conversión de una moción de desestimación en una de sentencia sumaria, a tenor con esta regla, puede ocurrir cuando cualesquiera de las partes, el promovente o el promovido, sometan materia que no formó parte de las alegaciones, tales como: deposiciones, admisiones, certificaciones y contestaciones a interrogatorios. El tribunal tiene plena discreción para aceptar o no la materia evidenciaria que se acompaña. Esta discreción normalmente la ejerce tomando en consideración si la materia ofrecida y la conversión subsiguiente facilitarían o no la disposición del asunto ante su consideración.*

**B.**

Es norma reiterada que, la sentencia sumaria es la herramienta procesal que procura la solución rápida, justa y económica de aquellos casos en los que no existen hechos materiales en controversia que ameriten la celebración de un juicio. *Soto y otros v. Sky Caterers,* 2025 TSPR 3, 215 DPR ___ (2025); *Oriental Bank v. Caballero García,* 212 DPR 678 (2023). En tal caso, la Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1, permite la presentación de una moción de sentencia sumaria respaldada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. *Oriental Bank v. Perapi et al.,* 192 DPR 7, 25 (2014); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013).

Cónsono con lo anterior, la Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36. 3, instaura los requisitos de forma respecto a esta moción:

> *(1) Una exposición breve de las alegaciones de las partes;*
>
> *(2) los asuntos litigiosos o en controversia;*
>
> *(3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
>
> *(4) una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
>
> *(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
>
> *(6) el remedio que debe ser concedido.*

Por su parte, quien presente el escrito de oposición a la sentencia sumaria también tiene que cumplir con los requisitos de la Regla 36.3(c) de Procedimiento Civil, *supra.* A tales fines, la

parte opositora puede derrotar tal solicitud si presenta un escrito que establezca la existencia de hechos esenciales[5] en controversia:

> *En la oposición a una solicitud de sentencia sumaria, el promovido debe, como parte de su carga, puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte una sentencia sumaria en su contra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición según exige la Regla 36.3. En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. León Torres v. Rivera Lebrón*, 204 DPR 20, 44 (2020); *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 677 (2018).

Una vez se presente la solicitud de sentencia sumaria y su respectiva oposición, el foro primario deberá: (1) analizar todos los documentos incluidos en ambas mociones y aquellos que obren en el expediente del tribunal; y (2) determinar si la parte opositora controvirtió algún hecho material o si hay alegaciones en la demanda que no han sido refutadas en forma alguna por los documentos. *Consejo Tit. v. Rocca Dev. Corp. et als.*, 25 TSPR 6, 215 DPR __ (2025); *Abrams Rivera v. E.L.A.,* 178 DPR 914, 933 (2010). En cuanto a los documentos presentados, "éstos deben verse de la forma más favorable para la parte promovida, concediéndole a ésta el beneficio de toda inferencia razonable que se pueda derivar de ellos". *Medina v. M.S. & D. Química P.R., Inc.,* 135 DPR 716, 735 (1994); *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 DPR 714, 721 (1986).

No obstante, como regla general, no es aconsejable dictar sentencia sumaria si hay asuntos de credibilidad que ameritan la celebración de un juicio. A tales efectos, el Tribunal Supremo de Puerto Rico ha validado la aplicación de este mecanismo siempre y cuando no existan controversias esenciales sobre hechos materiales:

---

[5] Según la jurisprudencia, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García, supra,* a la pág. 679.

> *[N]o es aconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa. Soto v. Hotel Caribe Hilton, 137 DPR 294 (1994). Sin embargo, esto no impide utilizar el mecanismo de sentencia sumaria en reclamaciones que requieren elementos subjetivos o de intención —como pasa en un caso de discrimen— cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge que no existe controversia en cuanto a los hechos materiales. Ramos Pérez v. Univisión,* 178 DPR 200, 219 (2010).

Efectuado ese análisis, el tribunal podrá dictar sentencia sumaria "si queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y que es innecesaria una vista en los méritos". *Birriel Colón v. Econo y Otro*, 213 DPR 80, 91 (2023); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 334 (2021). La concesión de este recurso procede si de la prueba que acompaña a la moción surge preponderantemente la inexistencia de controversia sobre hechos medulares. *CSM v. ELA*, 2025 TSPR 78, 216 DPR ___ (2025); *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 993 (2024). Es decir, el foro primario deberá dictar sentencia sumaria cuando ante los hechos materiales no controvertidos: (1) el promovido no puede prevalecer frente al derecho aplicable, y (2) el tribunal cuenta con la verdad de todos los hechos necesarios para resolver la controversia. *Oriental Bank v. Caballero García, supra*, a la pág. 679; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012).

Por último, si una parte resulta inconforme con el dictamen relacionado con la solicitud de sentencia sumaria tiene derecho a recurrir a la etapa apelativa. En tales circunstancias, nos encontramos en la misma posición que el foro primario al evaluar la procedencia de una sentencia sumaria. *Cruz, López v. Casa Bella y otros, supra*, a la pág. 994; *Birriel Colón v. Econo y otro, supra*, a la pág. 91. Así que, ostentamos la facultad de examinar *de novo* el expediente y aplicar los criterios que exigen la Regla 36

de Procedimiento Civil, *supra,* y la jurisprudencia interpretativa. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679 (2018). No obstante, nuestra autoridad revisora es limitada, pues solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 114-155 (2015). Esta limitación responde a que carecemos de facultad para adjudicar hechos materiales en disputa, toda vez que esa tarea corresponde al foro primario. Íd.; *Vera v. Dr. Bravo*, 161 DPR 308, 335 (2004).

## C.

El Art. 725 del Código Civil de Puerto Rico (2020), Ley Núm. 55-2020, 31 LPRA 7863, según enmendado, establece que "[l]a persona con derecho a poseer un bien tiene acción para promover el juicio de desahucio contra cualquier poseedor sin derecho a poseer". Mediante esta acción legal se procura la expulsión del arrendatario o precarista que se mantiene en la propiedad sin pagar canon o merced alguna. *SLG Ortiz-Mateo v. ELA*, 211 DPR 772, 779 (2023); *Cooperativa v. Colón Lebrón*, 203 DPR 812, 820 (2020).

En consonancia con lo anterior, el Art. 620 del Código de Enjuiciamiento Civil, Ley Núm. 6 de 31 de marzo de 1933, 32 LPRA sec. 2821, según enmendada (Código de Enjuiciamiento), reconoce legitimación activa a las siguientes personas para instar la acción de desahucio:

> *Tienen acción para promover el juicio de desahucio los dueños de la finca, sus apoderados, los usufructuarios o cualquiera otro que tenga derecho a disfrutarla y sus causahabientes.*

En esa línea, el Art. 621 de la precitada legislación delimita los sujetos jurídicos contra los que procede incoar esta reclamación:

> *Procederá el desahucio contra los inquilinos, colonos y demás arrendatarios, los administradores, encargados, porteros o guardas puestos por el propietario en sus fincas, y cualquier otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna.* 32 LPRA Sec. 2822.

Al momento de radicar el pleito de desahucio, esta reclamación puede solicitarse en un proceso ordinario o sumario. *Adm. Vivienda Pública v. Vega Martínez,* 200 DPR 235, 240 (2018). De ser un procedimiento sumario, se entiende que lo único que se busca recobrar es la posesión. *ATPR v. SLG Volmar-Mathieu,* 196 DPR 5, 10 (2016). Lo anterior implica que, como norma general, los conflictos de título no pueden dilucidarse en esta reclamación. *Crespo Quiñones v. Santiago Velázquez,* 176 DPR 408, 431 (2009); *C.R.U.V. v. Román,* 100 DPR 318, 321 (1971).

No obstante, si la parte demandada presenta otras defensas afirmativas relacionadas con la acción de desahucio, puede solicitar que el procedimiento se convierta al trámite ordinario. *ATPR v. SLG Volmar-Mathieu, supra,* a la pág. 10. Sobre este particular, en ciertos casos se ha permitido que un demandado presente defensas íntimamente relacionadas con la causa del desahucio de forma tal que el procedimiento sea ordinario. *Crespo Quiñones v. Santiago Velázquez, supra,* a la pág. 431. Véanse, también, *Jiménez v. Reyes,* 146 DPR 657 (1998); *Turabo Ltd. Partnership v. Velardo Ortiz,* 130 DPR 226 (1992). De ser una acción ordinaria, "la reclamación estará sujeta a las reglas de la litigación civil ordinaria, excluyendo la legislación especial que reglamenta el desahucio sumario y sus restringidos plazos y condiciones". *ATPR v. SLG Volmar-Mathieu, supra,* a la pág. 10.

Respecto la carga probatoria aplicable a estos casos, el Tribunal Supremo de Puerto Rico ha pautado la siguiente normativa:

> *[E]l demandante en una acción de desahucio en precario debe, en primera instancia probar prima facie*

*su caso, o sea, debe presentar prueba en torno a su título sobre la finca y que esa finca es la misma que está en posesión del demandado nen precario. Si no prueba esa circunstancia, no está justificada una sentencia a su favor. Escudero v. Guzman*, 96 DPR 299, 302 (1968).

No obstante, si la parte demandada "produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante surge un conflicto de título que hace improcedente la acción de desahucio". *C.R.U.V. v. Román, supra*, a la pág. 322.

**D.**

En nuestro ordenamiento jurídico, "la contratación gubernamental de servicios está revestida del más alto interés público, pues persigue fomentar la inversión adecuada, responsable y eficiente de los recursos del Estado". *Mun. Aguada v. W. Const. y Recover Finance*, 214 DPR 432, 452 (2024); *St. James Sec. v. AEE*, 213 DPR 366, 377 (2023). Por su transcendencia, "la facultad del Gobierno de Puerto Rico y de sus entidades para contratar y comprometer fondos públicos está limitada por las normas estatutarias y jurisprudenciales respecto a la sana administración pública". *Engineering Service v. AEE*, 209 DPR 1012, 1025 (2022); *Vicar Builders v. ELA et al.*, 192 DPR 256, 262 (2015).

En armonía con lo anterior, el Tribunal Supremo de Puerto Rico ha establecido que los contratos gubernamentales deben exhibir las siguientes formalidades: (1) reducirse a escrito; (2) mantener un registro que establezca su existencia; (3) remitir una copia a la Oficina del Contralor de Puerto Rico, y (4) acreditar que se realizó y otorgó quince días antes. *Mun. Aguada v. W. Const. y Recover Finance, supra*, a la pág. 453; *SLG Ortiz-Mateo v. ELA, supra*, a la pág. 794. Cónsono con lo discutido, en *Fernández & Gutiérrez v. Mun. San Juan*, 147 DPR 824, 833 (1999), nuestro

Máximo Foro resolvió que el contrato de arrendamiento con el gobierno debe constar por escrito:

> *[A]unque hubiese existido un "compromiso" de extender la duración del contrato por parte de las autoridades municipales con facultad para hacerlo, dicho compromiso no podía generar obligación jurídica de clase alguna para el Municipio, debido a que éste no se hizo en conformidad con las normas aplicables expuestas antes. El supuesto "compromiso" no constaba en un contrato escrito. A pesar de lo expresado por la Directora Ejecutiva en su primera carta, dicho "compromiso" no se incluyó en la enmienda al contrato. Por ende, tampoco fue registrado ni presentado en la Oficina del Contralor. La ausencia de estos elementos, que según hemos expuesto antes son de observancia rigurosa, privan de eficacia y validez al supuesto acuerdo del arrendador con la Directora Ejecutiva de extender la duración del arrendamiento en cuestión.*

Es menester puntualizar que, "[s]e exige el cumplimiento riguroso con cada uno de esos requisitos, ya que sirven como mecanismo de cotejo para perpetuar circunstancial y cronológicamente esos contratos y, así, evitar pagos y reclamaciones fraudulentas". *Vicar Builders v. ELA et al.*, *supra*, a la pág. 265; *ALCO Corp. v. Mun. de Toa Alta*, 183 DPR 530, 533, 537-538 (2011).

## III.

En el recurso de epígrafe, Arlet Aviation señala que erró el foro primario al acoger su petición de desestimación como una solicitud de sentencia sumaria, y al declarar Con Lugar la Demanda de desahucio. Alega que, la Junta de Directores de la Autoridad de los Puertos aprobó la extensión del término del vencimiento del arrendamiento durante una reunión celebrada el 16 de mayo de 2024, según consta en la Resolución Núm. 2024-013. Por tanto, sostiene que tiene derecho a permanecer en el espacio que actualmente ocupa dentro del Aeropuerto.

En oposición, la Autoridad de los Puertos arguye que, Arlet Aviation no presentó evidencia suficiente para demostrar que tiene derecho a permanecer en el espacio objeto del litigio. Aduce que el

término del contrato de arrendamiento venció el 9 de abril de 2025. Puntualiza que desde el 10 de abril de 2025, la parte apelante ocupa ilegalmente las facilidades del Aeropuerto. En vista de ello, precisa que no existen hechos esenciales en controversia sobre este particular. Por tal razón, argumenta que el foro primario no erró al dictar sentencia sumaria y conceder el remedio de desahucio.

Evaluados con sumo cuidado el recurso presente, determinamos que el TPI actuó correctamente al acoger la solicitud de desestimación como una petición de sentencia sumaria. Adelantamos que la totalidad de la prueba documental obrante en el expediente demostró que no existen hechos esenciales en controversia que impidan dictar sentencia sumaria, y consecuentemente, conceder el remedio de desahucio solicitado por la parte apelada. Veamos.

En primer lugar, establecemos que el TPI no erró al acoger la solicitud de desestimación, presentada por la parte apelante, como una moción de sentencia sumaria. Contemplamos que, Arlet Aviation radicó tal petición al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*, y en esta, expuso materias no contenidas en las alegaciones impugnadas que constan en la Demanda. En respuesta, el foro *a quo* consideró dicha solicitud como una moción de sentencia sumaria, según exige la normativa procesal vigente. Véase *Torres Capeles v. Rivera Alejandro*, *supra*, a la pág. 309.

Así precisado, pasemos a analizar el recurso en lo concerniente a los criterios aplicables a la sentencia sumaria. Al revisar de *novo* el expediente, concluimos que ambas partes presentaron sus escritos a tenor con las formalidades que dimanan de la Regla 36 de Procedimiento Civil, *supra*. Tras una lectura detenida de las respectivas mociones, notamos que Arlet Aviation y

la Autoridad de los Puertos identificaron de modo preciso los hechos controvertidos e incontrovertidos relativos a sus posturas, y los apoyaron con la prueba documental pertinente. Tal proceder le permitió al TPI considerar ambos escritos para dilucidar el caso presente.

Ahora nos corresponde resolver si existen controversias esenciales de hechos que impidan dictar sentencia sumaria, y conceder el remedio del desahucio. Respondemos en la negativa. Veamos.

Surge del expediente ante nos, el 10 de abril de 2015, la Autoridad de los Puertos otorgó un contrato de arrendamiento (AP-14-15-(4)-088)[6] a favor de Arlet Aviation. En virtud de este contrato, la parte apelante tenía el derecho a ocupar, por un término de 10 años, ciertos espacios en el Aeropuerto José Aponte de la Torre:

> *A. El término de este contrato será de diez (10) años a partir de la fecha de la firma de la Directora Ejecutiva de la Autoridad, conforme a la Resolución 2014-068, aprobada el 16 de octubre de 2014 por la Junta de Directores de la Autoridad de los Puertos.*[7]

Es importante puntualizar que, en el transcurso del tiempo, las partes adoptaron unas enmiendas que tuvieron el efecto de modificar el contrato original. Así pues, contemplamos que, el 14 de diciembre de 2015 y el 30 de agosto de 2016, se suscribieron unos arreglos contractuales con el fin de incluir unas cláusulas referentes al uso de la propiedad y al cumplimiento de las leyes y los reglamentos aplicables.[8] **No obstante subrayamos que, el término de vencimiento del contrato se mantuvo inalterado**. Por tal razón, el 11 de septiembre de 2025, la Autoridad de los Puertos le notificó a Arlet Aviation que el término del contrato venció el 9 de abril de 2025, según se detalla a continuación:

---

[6] Entrada 18 del SUMAC del TPI, Exhibit A, a las págs. 1-46.
[7] Entrada 18 del SUMAC del TPI, Exhibit A, a la pág. 2.
[8] Entrada 18 del SUMAC del TPI, Exhibit B, a las págs. 1-4, y Exhibit C, a las págs. 1-4.

> ***On April 10, 2015, Arlet Aviation, LLC (hereinafter "Arlet") and the Puerto Rico Ports Authority (hereinafter, the "Authority") executed Contract No. 2015-000088 for the lease of certain designated areas at the José Aponte de la Torre Airport in the municipality of Ceiba, for the purpose of providing Fixed Base Operator (FBO) and Maintenance, Repair, and Overhaul (MRO) services. The agreement was executed for an initial term of ten (10) years, commencing on April 10, 2015, and concluding on April 9 2025.***
>
> ***After due evaluation, the Authority has determined that it will not enter into a new agreement. With the expiration of the contractual term, and in the absence of any duly executed extension, amendment, or renewal, the lease agreement has concluded in accordance with its own provision. Accordingly, as of April 10, 2025, no valid or binding contractual relationship exists between the Authority and Arlet with respect to the occupancy or use of the referenced premises.*** (Énfasis nuestro).[9]

Cónsono con lo anterior, notamos que en el expediente consta una Certificación de la Oficina del Contralor de Puerto Rico emitida el 23 de septiembre de 2025[10], la cual establece que en el sistema computarizado no aparecen contratos vigentes entre la Autoridad de los Puertos y Arlet Aviation. Ante tales circunstancias, colegimos que el foro primario actuó correctamente al disponer que la parte apelante no tiene derecho a ocupar la propiedad de la Autoridad de los Puertos.

Recordemos, pues, que la normativa jurídica establece que el contrato gubernamental debe cumplir con los siguientes requisitos a modo de trámite: (1) reducirse a escrito; (2) mantener un registro que establezca su existencia; (3) remitir copia a la Oficina del Contralor de Puerto Rico, y (4) acreditar que se realizó y otorgó 15 días antes. Véanse *Mun. Aguada v. W. Const. y Recover Finance, supra,* a la pág. 453; *SLG Ortiz-Mateo v. ELA, supra,* a la pág. 794. **Sin embargo, no surge del expediente ante nos un documento de naturaleza contractual que exhiba el cumplimiento íntegro**

---

[9] Entrada 18 del SUMAC del TPI, Exhibit N, a la pág. 1.
[10] Entrada 19 del SUMAC del TPI, Anejo I, a las págs. 1-2.

**de tales formalidades.** Además, precisamos que, la Resolución Núm. 2024-013 —mencionada reiteradamente por la parte apelante— no constituye una enmienda al contrato original para extender el término de su vencimiento.[11] La aludida documentación, más bien, representa un acuerdo alcanzado por la Junta de Directores de la Autoridad, que no se materializó en un contrato gubernamental debidamente registrado ante la Oficina del Contralor de Puerto Rico.

En vista de lo anterior, concluimos que el foro primario actuó conforme a derecho al resolver que no existen hechos esenciales en controversia que impidan dictar sentencia sumaria, y conceder el remedio de desahucio. Puntualizamos que, Arlet Aviation no presentó prueba suficiente que demostrara que tiene derecho a permanecer en las facilidades del Aeropuerto, y tampoco acreditó que tiene un título mejor u oponible a la Autoridad de los Puertos. En virtud de este razonamiento, confirmamos el dictamen apelado, pues es consistente con el marco legal discutido, y no denota error manifiesto, prejuicio, parcialidad o abuso de discreción por parte del foro primario.

**IV.**

Por los fundamentos que anteceden, los que hacemos constar en este dictamen, confirmamos la Sentencia apelada, emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo. Se devuelve el caso al foro primario para la continuidad de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] Entrada 18 del SUMAC del TPI, Exhibit D, a la pág. 1.